# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CHAVEZ,<br><br>    Plaintiff,<br><br>v.<br><br>SHIMMICK CONSTRUCTION COMPANY, INC., et al.,<br><br>    Defendants. | Case No. 20-cv-594-MMA (AHG)<br><br>**ORDER GRANTING PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO FILE A FOURTH COMPLAINT**<br><br>[Doc. No. 12] |

On March 27, 2020, Richard Chavez ("Plaintiff") filed this action. *See* Doc. No. 1. On April 1, 2020, Plaintiff filed a First Amended Complaint. *See* Doc. No. 4. On April 2, 2020, Plaintiff filed an ex parte motion for leave to file a Second Amended Complaint, which the Court granted. *See* Doc. Nos. 5, 6. On April 15, 2020, Plaintiff filed an ex parte motion for leave to file a Third Amended Complaint, which the Court granted. *See* Doc. Nos. 8, 9. On April 20, 2020, Plaintiff filed the present ex parte motion for leave to file a *Fourth* Amended Complaint. *See* Doc. No. 12. Defendants have not yet filed an answer. *See id.* at 3.

Federal Rule of Civil Procedure 15 governs amendment of pleadings. If a party has already amended a pleading as a matter of course, the party seeking further amendment "may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule reflects an underlying policy that disputes should be

determined on their merits and not on the technicalities of pleading rules.  *See Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)).  Accordingly, the Court must be generous in granting leave to amend. *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (noting leave to amend should be granted with "extreme liberality"); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) (first citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987); and then citing *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)).

However, courts may consider several factors in deciding whether to grant a motion for leave to amend: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint."  *Nunes*, 375 F.3d at 808 (citing *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *see also Ascon Props.*, 866 F.2d at 1160 (citing *DCD Programs, Ltd.*, 833 F.2d at 186); *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 809 (9th Cir. 1988).  The test of futility "is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)."  *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (citing 3 J. Moore, Moore's Federal Practice ¶ 15.08[4] (2d ed. 1974)).

Plaintiff seeks to amend his complaint to correct the name of Defendant "Nova Construction Group, Inc." to "Nova Group, Inc." and to make edits pertaining to the "employer and vessel owner in order to preserve insurance coverage."  Doc. No. 12 at 2. Although Plaintiff has already amended his complaint *three times*, the Court does not find evidence of bad faith, undue delay, or prejudice to Defendants.  Given that Defendants have not filed an answer and two of the Defendants have not been served, the Court finds that it must be generous in giving Plaintiff leave to file another amended pleading. Although the Court is mindful of the liberal amendment standard under Rule 15, the Court respectfully reminds Plaintiff to be mindful of judicial resources in the future given that he has filed three ex parte motions to amend within the last month.  *See* Fed. R. Civ. P. 1.

Accordingly, the Court **GRANTS** Plaintiff's ex parte motion for leave to file a Fourth Amended Complaint. The Court **DIRECTS** the Clerk of Court to file Plaintiff's Fourth Amended Complaint (Doc. No. 12-1) as a separate docket entry.

**IT IS SO ORDERED**.

Dated: April 20, 2020

HON. MICHAEL M. ANELLO
United States District Judge