UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD CHAVEZ,<br><br>                                    Plaintiff,<br><br>v.<br><br>SHIMMICK CONSTRUCTION COMPANY, INC., NOVA GROUP, INC., and NOVA SHIMMICK, A JOINT VENTURE,<br><br>                                    Defendants.<br><hr>IN RE: THE COMPLAINT OF NOVA GROUP, INC.; SHIMMICK CONSTRUCTION COMPANY, INC.; and NOVA SHIMMICK, A JOINT VENTURE, FOR EXONERATION FROM, OR LIMITATION OF, LIABILITY | CONSOLIDATED ACTIONS:<br><br>Case No.:  3:20-cv-00594-MMA-AHG<br>Case No.:  3:20-cv-01202-MMA-AHG<br><br>**ORDER GRANTING JOINT MOTION TO CONTINUE NEUTRAL EVALUATION CONFERENCE**<br><br>**[ECF No. 35]** |

In this consolidated action, the parties request that the Court continue the Early Neutral Evaluation Conference ("ENE") until after they have completed additional discovery and engaged in private mediation. ECF No. 35 at 2. The parties explain that they

1 have conducted significant discovery already, but that until Plaintiff completes additional
2 discovery, he will not be in a position to make a settlement demand. *Id.* Additionally, the
3 parties have made arrangements to meet with a mediator at the end of January 2021. *Id.*

   Parties seeking to continue an ENE must demonstrate good cause. ECF No. 21 at 4 ("An ENE may be rescheduled only upon a showing of good cause"); Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"); *see, e.g.*, FED. R. CIV. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time"). "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.") (internal citation omitted).

   Based upon the parties' representations, the Court is satisfied that the parties have pursued discovery diligently in an effort to resolve this case. As indicated in the Joint Mediation Plan they emailed to chambers in compliance with this Court's Chambers Rules, the parties have chosen a private mediator and have specific plans for completing necessary discovery prior to the mediation. For these reasons, the Court finds good cause to **GRANT** the joint motion and continue the ENE.

   The ENE previously schedule for October 30, 2020 is **CONTINUED** to **February 5, 2021** at **9:30 a.m.** Like the prior ENE in *Chavez*, the ENE will take place via videoconference. The Court issues the following mandatory procedures to govern the ENE:

   1.   As before, the Court will use its official Zoom video conferencing account to hold the ENE. The Court requires the attendance of the primary attorney(s) responsible for the litigation for each party, as well as a party or party representative for each party with **full and complete authority to enter into a binding settlement**.

///

2. The parties must submit updated Confidential ENE statements to efile_goddard@casd.uscourts.gov by **February 1, 2021**. The ENE statements should be five (5) pages or less, with up to five (5) pages of exhibits or declarations. The parties should refer to the Court's initial order setting the ENE for guidelines regarding the content of ENE statements. *See* ECF No. 21 at 3.

3. Prior to the start of the conference, the Court will email the participants an invitation to join a Zoom video conference. **The Court will send the invitation to all attorney and client participants from the June 16, 2020 ENE.** Participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices often offer inferior performance. Participants shall join the video conference by following the ZoomGov Meeting hyperlink in the invitation. Zoom will then prompt participants to enter the password included in the invitation.

4. Counsel may share the Zoom link with other expected participants from their side. However, if counsel expect other participants to join, they must inform the Court of the name and title of each additional participant via e-mail at efile_Goddard@casd.uscourts.gov no later than **February 1, 2021**.

5. As it did during the first ENE, the Court will divide participants into separate Breakout Rooms to allow counsel to discuss the case confidentially with the Court, and with one another outside of the Court's presence. To avoid any unexpected interruptions of confidential discussions, the Court will use the same attorney cell phone point of contact as it used during the first ENE to alert the parties by text message before returning to a Breakout Room during the conference. If counsel wish to provide a different cell phone number for this purpose, they must notify the Court of the new point of contact by **February 1, 2021**.

**IT IS SO ORDERED.**

Dated: October 23, 2020

_____
Honorable Allison H. Goddard
United States Magistrate Judge